UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARIE TERESA SIMMONS,<br>　　　　Plaintiff,<br>　　v.<br>FORD MOTOR COMPANY, et al.,<br>　　　　Defendants. | Case No. 19-cv-04802-EJD<br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**<br>Re: Dkt. No. 14 |

Plaintiff alleges various state-law causes of actions against Defendants Ford Motor Company ("Ford") and Mossy Ford, Inc. ("Mossy"). Defendants contend that they properly removed this action from state court to federal court and that this Court has jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiff disagrees and moves to remand the case, arguing that Defendant Mossy destroys diversity. In response, Defendant Ford claims that Defendant Mossy is a sham defendant and thus removal is proper. The Court disagrees. Because dismissing Mossy is improper, complete diversity does not exist among the parties and the Court lacks jurisdiction. *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989). The Clerk is **DIRECTED** to **REMAND** this case to Santa Clara County Superior Court and close the file.

**I.　BACKGROUND**

　　**A.　Factual Background**

On or about January 31, 2012, Plaintiff purchased a 2012 Ford Edge vehicle (the "Vehicle") from Defendant Ford. Complaint for Violation of Statutory Obligations ("Compl.") at ¶ 8, Dkt. 1-2, Ex. B. Plaintiff received an express written warranty with this purchase. *Id*. ¶ 9. During the warranty period, the Vehicle contained or developed defects—specifically Engine-

Case No.: 19-cv-04802-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

1

1 defects—which substantially impaired the use, value, or safety of the Vehicle. *Id.* ¶ 10. Plaintiff asserts seven causes of action, but only the sixth cause of action, which alleges that Defendant Mossy negligently repaired the Vehicle, includes Defendant Mossy. *Id.* ¶ 31–35. The other six causes of action are not asserted against Defendant Mossy and so are not at issue. *See generally id.*

Plaintiff and Defendant Mossy are California residents. *Id.* ¶¶ 2, 5. Defendant Ford is a citizen of Delaware. *Id.* ¶ 4.

### B. Procedural Background

Plaintiff filed her Complaint in the Santa Clara County Superior Court on July 8, 2019. *Id.* at 1. Defendant Ford removed the action to this Court on August 14, 2019, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Dkt. 1. On November 12, 2019, Plaintiff filed a motion to remand. Plaintiff's Notice of Motion to Remand ("Mot."), Dkt. 14. Defendants filed an opposition on November 26, 2019. Defendants' Opposition to Plaintiff's Motion to Remand ("Opp."), Dkt. 19. On December 3, 2019, Plaintiff submitted a reply. Plaintiff's Reply in Support of Motion to Remand ("Reply"), Dkt. 21.

## II. LEGAL STANDARD

### A. Motion to Remand

The party seeking removal bears the burden of establishing jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The Court strictly construes the removal statute against removal jurisdiction. *Id.* Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979). Indeed, federal courts are "particularly skeptical of cases removed from state court." *Warner v. Select Portfolio Servicing*, 193 F. Supp. 3d 1132, 1134 (C.D. Cal. 2016) (citing *Gaus*, 980 F.2d at 566). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

### B. Sham Defendant

While 28 U.S.C. § 1332 requires complete diversity of citizenship, see *Caterpillar Inc. v.*

Case No.: 19-cv-04802-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND
2

*Lewis*, 519 U.S. 61, 68 (1996), one exception is where a non-diverse defendant has been "fraudulently joined." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). Fraudulent joinder is a "term of art," it does not imply any intent to deceive on the part of a plaintiff or her counsel. *Lewis v. Time Inc*, 83 F.R.D. 455, 460 (E.D. Cal. 1979); *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). Joinder of a non-diverse defendant is fraudulent if: (1) the plaintiff fails to state a cause of action against a defendant and (2) the failure is obvious according to the settled rules of the state. *McCabe*, 811 F.3d at 1339.

As a matter of general principle, courts presume that a defendant is not fraudulently joined. *Diaz v. Allstate Ins. Grp.*, 185 F.R.D. 581, 586 (C.D. Cal. 1998). Indeed, defendants who assert fraudulent joinder carry a heavy burden of persuasion. *Id.* It must appear to a "near certainty" that the joinder was fraudulent. *Alexander v. Select Comfort Retail Corp.*, 2018 WL 6726639, at *2 & n.4 (N.D. Cal. Dec. 21, 2018) (citing *Diaz*, 185 F.R.D. at 586). Merely showing that an action is "likely to be dismissed" against that defendant does not demonstrate fraudulent joinder. *Diaz*, 185 F.R.D. at 586; *Lieberman v. Meshkin, Mazandarani*, 1996 WL 732506, at *2 (N.D. Cal. Dec. 11, 1996) ("The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a possibility that they may do so."). The defendant must be able to show that the individuals joined in the action cannot be liable under *any* theory. *Calero v Unisys Corp.*, 271 F. Supp. 2d 1172, 1176 (N.D. Cal. 2003). In resolving the issue, the court must resolve all ambiguities in state law in favor of the plaintiffs. *Diaz*, 185 F.R.D. at 586.

### III. DISCUSSION

#### A. Subject-Matter Jurisdiction

Defendants first argue that Plaintiff's motion to remand is untimely. Opp. at 3. A motion to remand must be filed within thirty days after filing of the notice of removal. 28 U.S.C. § 1447(c). Defendants argue that Plaintiff's motion to remand is untimely because it is late. Opp. at 3. Of course, if this Court determines that it is without subject-matter jurisdiction, then the thirty-day timeline in 28 U.S.C. § 1447(c) is inapplicable. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their

Case No.: 19-cv-04802-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND
3

own initiative . . . ."); Fed. R. Civ. P. 12(h)(3) ("Whenever it appears . . . that the court lacks jurisdiction . . . the court shall dismiss the action."). The crux of Plaintiff's motion is that Defendant Mossy destroys diversity and thereby this Court's jurisdiction over this case. The motion, thus, hinges on subject-matter jurisdiction, which is never untimely. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93 (1998); *Alvarez v. TransitAmerica Servs., Inc.*, 2019 WL 4644909, at *2 & n.1 (N.D. Cal. Sept. 24, 2019). Accordingly, Plaintiff's motion to remand is timely.

### B. Sham Defendant

Defendants next argue that Defendant Mossy is a sham defendant because Plaintiff's sole cause of action against Defendant Mossy is barred by the economic loss rule and by the statute of limitations. Opp. at 4.

#### 1. Economic Loss Rule

Defendants first contend that Defendant Mossy is a "sham defendant" because Plaintiff's negligent repair claim against Defendant Mossy is barred by the economic loss rule. Opp. at 5. Economic losses are "damages for inadequate value, costs of repair and replacement of the defective product or consequent loss of profits—without any claim of personal injury or damages to other property." *Jimenez v. Superior Court*, 29 Cal. 4th 473, 482 (2002) (citation and quotation marks omitted). Generally, under this rule, plaintiffs cannot recover in tort for economic losses. *Id.* Defendants argue that because Plaintiff alleges only economic losses, like diminution in value of the Vehicle and contract price damages, Plaintiff cannot state a valid claim for negligent repair.

California law, however, recognizes an exception to the economic loss rule that is applicable in this case. "The economic loss rule does not necessarily bar recovery in tort for damage that a defective product (e.g., a window) causes to other portions of a larger product (e.g., a house) into which the former has been incorporated." *Id.* at 483. Here, Plaintiff has alleged problems with components of the Vehicle, such as the engine, and problems affecting parts connected to the engine. *See* Compl. ¶ 10. Consistent with the economic loss rule, it is possible that Plaintiff could show that the engine defect caused damage to other parts of the vehicle. *See*

Case No.: 19-cv-04802-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND
4

*Jimenez*, 29 Cal. 4th at 483 ("[T]he economic loss rule allows a plaintiff to recover in strict products liability in tort when a product defect causes damage to 'other property,' that is, property *other than the product itself*."); *see also Madison v. Ford Motor Co.*, 2019 WL 3562386, at *2–3 (E.D. Cal. Aug. 6, 2019) (holding economic loss rule did not bar the plaintiffs' negligent repair claim); *Lopez v. Ford Motor Co.*, 2019 WL 5444391, at *2 (C.D. Cal. July 18, 2019) (same).

Defendants use of *Ruiz v. BMW of N. Am.*, 2017 WL 217746, at *2 (C.D. Cal. Jan. 18, 2017) is thus not persuasive because the *Ruiz* court "did not discuss the effect of *Jimenez* [or] the caselaw allowing for recovery when a defective component damages a larger product in which the component is incorporated." *Krasner v. Ford Motor Co.*, 2019 WL 1428116, at *4 (E.D. Cal. Mar. 29, 2019). Indeed, the economic loss rule would not necessarily bar recovery for damage a vehicle's subcomponents caused. *See Sabicer v. Ford Motor Co.*, 362 F. Supp. 3d 837, 842 (C.D. Cal. 2019) (same); *see also Lytle v. Ford Motor Co.*, 2018 WL 4793800, at *2 (E.D. Cal. Oct. 2, 2018) ("California law is not so settled that a plaintiff could not possibly recover against a dealership for negligent repair of a vehicle."). Accordingly, Defendants have not shown that the economic loss rule renders recovery against Defendant Mossy impossible.

### 2. Statute of Limitations

Defendants next argue that the statute of limitations bars Plaintiff's negligent repair claim against Defendant Mossy. Under California law, the statute of limitations for a negligent repair claim is three years.[1] *See* Cal. Civ. Proc. Code § 338(c)(1). Defendants argue that this action is untimely because Plaintiff expressed concerns with the Vehicle starting in 2012 and thus should have brought this action earlier. Opp. at 7. Plaintiff argues that the discovery rule tolled the statute of limitations. Compl. ¶ 7.

Pursuant to the discovery rule, however, Plaintiff *could* state a claim against Defendant Mossy. As noted, for a remand motion, the relevant inquiry is whether Plaintiff *could* state a

---

[1] Defendants cite California Code of Civil Procedure § 339 for the proposition that the statute of limitations is two years. "But section 339 deals with causes of action based on contract, not tort." *Sabicer*, 362 F. Supp. 3d at 842. For injury to personal property, a three-year statute of limitations applies. *See* Cal. Civ. Proc. Code § 338(c)(1).

Case No.: 19-cv-04802-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND
5

claim for negligent repair against Defendant Mossy. *Calero*, 271 F. Supp. 2d at 1176; *see also Diaz*, 185 F.R.D. at 586 (noting that court must resolve all ambiguities in state law in favor of the plaintiffs). Under the delayed discovery rule, the statute of limitation begins to run only once plaintiffs discover or should have discovered all facts essential to their cause of action. *See Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 808–09 (2005). From the allegations in the Complaint, Plaintiff's negligent repair claim is not time barred on its face as the Complaint never alleges *when* Plaintiff discovered that Defendant Mossy failed to repair the Vehicle in accordance with industry standards. Reply at 8. Hence, Plaintiff could state a claim for negligent repair as it is possible the commencement of the limitations period should be delayed. *See Camsi IV v. Hunter Tech Corp.*, 230 Cal. App. 3d 1525, 1536 (1991) (noting that under delayed discovery rule, limitations period is postponed until the plaintiff discovers or should have discovered all facts essential to his cause of action); *see also Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998) (noting that even while the Plaintiff may not ultimately succeed on a "delayed discovery" theory, the plaintiff need only show that success is possible). Accordingly, Defendants have failed to prove that there is *no* possibility that Plaintiff could invoke the delayed discovery rule to assert a negligent repair claim against Defendant Mossy. *Calero*, 271 F. Supp. 2d at 1176.

**C.  Indispensable Party**

Federal Rule of Civil Procedure 21 allows a federal court, on just terms, to "add or drop a party." Rule 21 grants a federal district or appellate court the "discretionary power to perfect its diversity jurisdiction by dropping a nondiverse party provided the nondiverse party is not indispensable to the action under Rule 19." *Sams v. Beech Aircraft Corp.*, 625 F.2d 273, 277 (9th Cir. 1980). Pursuant to Federal Rule of Civil Procedure 19, parties are indispensable if complete relief cannot be afforded without that party, if the absent party's interests will be prejudiced, or if the absent party would have an inadequate remedy if they were dismissed for nonjoinder. Fed. R. Civ. P. 19.

Courts in this District have held that auto dealerships "may be necessary for adjudication

Case No.: 19-cv-04802-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

6

of state law claims, for purposes of a § 1447(e) analysis." *Watson v. Ford Motor Co.*, 2018 WL 3869563, at *4 (N.D. Cal. Aug. 15, 2018); *see also Tanner*, 2019 WL 6269307 at *4. Indeed, dismissal of dispensable nondiverse parties should be exercised sparingly after considering whether such dismissal will prejudice any of the parties in the litigation. *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 837–38 (1989).

The circumstances of this case strongly militate against dismissing Defendant Mossy as a dispensable party. First, the claims of both Ford and Mossy are sufficiently intertwined, factually and legally, that severance would be inconvenient and inefficient. *See Madison*, 2019 WL 3562386 at *4 (noting that severance would defeat the purposes of permissive joinder as it would create duplication and inefficiency). Considering Defendant Mossy performed many of the repairs on the Vehicle, it would be much more convenient for Plaintiff to present any claims related to repair in the same case. *See* Compl. ¶¶ 31–35; *see also Sabicer*, 362 F. Supp. 3d at 841. Second, courts are reluctant to use Rule 21 "to contort the pleadings of a lawsuit merely to confer federal jurisdiction." *Zee Med. Distrib. Ass'n, Inc. v. Zee Med., Inc.*, 23 F. Supp. 2d 1151, 1157 (N.D. Cal. 1998). Accepting Defendants argument would be "an improper end-run around [the court's] rejection of the fraudulent misjoinder doctrine." *Madison*, 2019 WL 3562386 at *4 (alteration in original) (citation and quotation marks omitted). Accordingly, the Court declines to use Federal Rule of Civil Procedure 21 to drop Defendant Mossy.

### D. Plaintiff's Domicile

"The place where a person lives is taken to be his domicile until facts adduced establish the contrary; and a domicile, when acquired, is presumed to continue until it is shown to have been changed." *Anderson v. Watts*, 138 U.S. 694, 706 (1891); *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011) ("Evidence of a person's place of residence, however, is prima facie proof of his domicile.").

Plaintiff argues that Defendants have not established her domicile.[2] Opp. at 13–15. The

---

[2] As the Court noted in *Tanner*, this argument contradicts Plaintiff's position that complete diversity does not exist. As in *Tanner*, Plaintiff spends a portion of his brief arguing that

Case No.: 19-cv-04802-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND
7

Court disagrees. Pursuant to longstanding precedent, courts presume that a person's "current residence is also his domicile." 13E WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 3612 & n.28 (3d ed. 2013) (collecting cases); *see also Tanner*, 2019 WL 6269307 at *5 (rejecting *Metropoulos v. BMW of N. Am., LLC*, 2017 WL 564205, at *1 (C.D. Cal. Feb. 9, 2017) decision that a plaintiff's residence does not establish the plaintiff's domicile). Plaintiff alleged in his Complaint that he is "a resident of California." Compl. ¶ 2. Accordingly, because both Plaintiff and Defendant Mossy are California residents, complete diversity does not exist between the Parties and the Court must **GRANT** Plaintiff's motion to remand.

## IV. CONCLUSION[3]

Because Defendant Mossy is an indispensable and non-sham defendant, this Court lacks subject-matter jurisdiction and must remand the action pursuant to 28 U.S.C. § 1447(c). The Court thus **GRANTS** Plaintiff's motion to remand. The Clerk is **DIRECTED** to **REMAND** this case to the Santa Clara County Superior Court and close the file.

**IT IS SO ORDERED.**

Dated: March 10, 2020

EDWARD J. DAVILA
United States District Judge

---

Defendant has not established his citizenship. This, however, undercuts his main argument that the inclusion of Defendant Mossy destroys diversity and mandates remand. Plaintiff *needs* to be a California citizen for Defendant Mossy's citizenship to matter.

[3] The Court does not address Plaintiff's amount-in-controversy arguments as it holds there is not complete diversity between the Parties.

Case No.: 19-cv-04802-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

8